UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

B. RUBEN DeWAYNE            :
                            :
        v.                  :        C.A. No. 16-092S
                            :
WACHOVIA MORTGAGE, FSB,     :
et al.                      :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff, B. Ruben DeWayne, initiated this pro se Declaratory Judgment Action in Rhode Island Superior Court on January 4, 2016. (Document No. 1-1). Defendants Wells Fargo Bank, N.A. and Foundation Property Management LLC removed the case to this Court on February 25, 2016. (Document No. 1).[1] On October 27, 2016, Defendant Wells Fargo Bank, N.A., moved to dismiss this case in its entirety. (Document No. 19). Plaintiff filed an Objection on November 7, 2016. (Document No. 21).[2]

**Background**

This litigation involves a residential property located at 193 Gray Street, Providence, Rhode Island. According to Plaintiff's Complaint, the subject property was formerly owned by Fitzroy C. Christie who "got behind on his mortgage payments" and was "facing foreclosure." (Document No. 1-1 at p. 4). On July 1, 2011, Mr. Christie commenced an action in Superior Court challenging

---

[1] Defendant Wells Fargo Bank, N.A., asserts that it is a successor by merger to Defendant Wachovia Mortgage, F.S.B., and that Wells Fargo Bank, N.A., is the "proper named entity." (Document Nos. 1 at p. 1, n.1; and 19-4). Plaintiff does not dispute this representation in any of his filings. Thus, the Court will proceed accordingly.

[2] On October 28, 2016, Plaintiff filed a formal notice of "leave of absence" indicating that he would be leaving Massachusetts and "not be available or returning until after January 20, 2017." (Document No. 20 at p. 1). He provided a South Carolina forwarding address and explained the "[t]hat present unrest between the United States and Russia deems being in New England goes against any religious beliefs and biblical prophecy." Id. at p. 2.

foreclosure.³  Id. at p. 5; and Document No. 19-5.  Plaintiff asserts that "[i]t is a fact that thereafter, on September 6, 2011 [Wells Fargo] foreclosed on Mr. Christie while [his] action was still pending before the court."  (Document No. 1-1 at p. 5).

Wells Fargo recorded a Foreclosure Deed in the City of Providence Land Records on July 19, 2012.  (Document No. 19-3).  Since this is a public record, it may be considered by the Court in resolving a motion to dismiss brought under Rule 12(b)(6), Fed. R. Civ. P.  See Kirtz v. Wells Fargo, No. 12-cv-10690-DJC, 2012 WL 5989705 at *5, n.1 (D. Mass. Nov. 29, 2012) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  On October 2, 2015, Wells Fargo sold the subject property to Defendant Foundation Property Management, LLC ("Foundation") for $76,155.00.  (Document No. 1-1 at pp. 6 and 22).  According to the Complaint, Foundation sold the same property to Randy Defex⁴ one day earlier on October 1, 2015 for $79,000.00.  Id. at pp. 6 and 20.  However, a close reading of the Exhibits to Plaintiff's Complaint reveals that the deed from Wells Fargo to Foundation was actually recorded prior to the deed from Foundation to Mr. Defex.  Id. at pp. 20 and 22.

Subsequently, on October 26, 2015, Mr. Christie executed a quitclaim deed purportedly transferring his interest in the subject property to Plaintiff.  The Complaint identifies the document as an "unrecorded quitclaim deed."  (Document No. 1-1 at p. 2).

**Discussion**

Wells Fargo argues that Plaintiff has no standing to challenge the validity of a foreclosure of a mortgage to which he was not a party.  It argues that his claimed interest in the subject property derives solely from an unrecorded purported quitclaim deed executed years after Wells Fargo

---

³ See Christie v. Wachovia Mortg., PC-2011-3748 (R.I. Super. Ct).  According to the Superior Court docket, this case was settled per a Stipulation filed on July 19, 2013.

⁴ Randy Defex is a named Defendant in this case but apparently has never been served by Plaintiff.

foreclosed the mortgage and recorded a foreclosure deed. Alternatively, Wells Fargo argues that, even if Plaintiff had standing, his Complaint does not contain any plausible claims for relief.

Plaintiff filed an Objection to the Motion to Dismiss. However, he fails to substantively address any of the arguments and authorities presented by Wells Fargo in support of dismissal. The bulk of Plaintiff's opposition deals with the requirements of debt collectors under the Fair Debt Collections Practices Act but no such claims are made in Plaintiff's Complaint, and he would have no standing, in any event, to pursue such claims as to any attempts to collect a debt from Mr. Christie. Accordingly, Wells Fargo's Motion to Dismiss is effectively unopposed and may be granted as such. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("Judges are not expected to be mind readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace.").

In his Objection, Plaintiff asserts that "foreclosing in a non-judicial state while an action is pending against the foreclosing entity is a void." (Document No. 21 at p. 5). Plaintiff provides no legal support for his assertion. In addition, no matter how you slice it, Plaintiff is seeking to challenge the legality of the foreclosure as against Mr. Christie, the mortgagor for the subject property. However, Plaintiff simply has no legal standing to do so. See Karim v. Bank of America, No. 10-cv-519S, 2011 WL 4457212 at *11 (D.R.I. May 6, 2011) (holding that an individual who has neither granted a mortgage nor signed the note secured by such mortgage lacks "a personal stake in the mortgage note so as to invoke the jurisdiction of this Court on her own behalf," as opposed to the actual mortgagor). Plaintiff's claimed rights in the subject property flow solely from a quitclaim deed executed more than three years after Wells Fargo recorded the foreclosure deed, more than two years after litigation regarding the foreclosure initiated by Mr. Christie apparently ended in settlement, and after the property was sold on two occasions. As a matter of law, Mr. Christie's legal interest in the

subject property had long been extinguished by foreclosure at the time he executed the quitclaim deed to Plaintiff.  See 140 Reservoir Ave Assocs. v. Sepe Invs. LLC, 941 A.2d 805, 811-812 (R.I. 2007) (quoting R.I. Gen. Laws § 34-11-22).  The subsequent quitclaim deed does not permit Plaintiff to go back in time and challenge the foreclosure of Mr. Christie's interest in the subject property.  He has no standing to do so and presents no viable legal claims as to the subject property.

**Conclusion**

For the foregoing reasons, I recommend that Wells Fargo's Motion to Dismiss (Document No. 19) be GRANTED and that Plaintiff's Complaint be DISMISSED with prejudice in its entirety and as to all Defendants.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 29, 2016